IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GOLD STAR CONSTRUCTION, INC., | § | |
| | § | |
| APPELLANT | § | |
| | § | |
| | § | |
| V. | § | No. 5:14-CV-00987-RP |
| | § | |
| CAVU/ROCK PROPERTIES | § | |
| PROJECT I, LLC, | § | |
| | § | |
| APPELLEE | § | |

## ORDER

Before the Court are Appellant Gold Star Construction, Inc.'s Motion to Stay Judgment Pending Appeal, filed November 12, 2014 (Clerk's Dkt. #3), Appellee Cavu/Rock Properties Project I, LLC's Response in Opposition to Motion of Gold Star Construction for a Stay Pending Appeal, filed November 19, 2014 (Clerk's Dkt. #7), and Appellant Gold Star Construction, Inc.'s Reply to Response to Motion to Stay Judgment Pending Appeal, filed November 26, 2014 (Clerk's Dkt. #8). After reviewing the parties' pleadings and the relevant case law, as well as the entire case file, the Court issues the following Order.

## BACKGROUND

Cavu/Rock Properties Project I, LLC ("Appellee") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Texas, San Antonio division (the "Bankruptcy Court") on July 19, 2013 (Case No. 13-51905). On July 23, 2013, Appellee filed in the same court an adversary proceeding against Gold Star Construction, Inc. ("Appellant") seeking a judgment declaring Appellant's lien in certain real properties located in California void and to disallow Appellant's claim in the bankruptcy proceeding (Case No. 13-5057).

The Bankruptcy Court entered a final judgment on August 27, 2014 declaring Appellant's lien invalid and its claim unsecured under 11 U.S.C. § 506. Appellant filed a motion in the

Bankruptcy Court to stay the judgment pending appeal, which motion was denied on October 16, 2014.  Appellant now asks this Court to grant such stay.

## STANDARD OF REVIEW

It is within the discretion of the bankruptcy court whether to grant or deny a stay of judgment pending appeal.  *In re First South Savings Association*, 820 F.2d 700, 709 (5th Cir. 1987)*.*  The court must exercise such discretion in light of the following four criteria: (1) whether movant has made a showing of likelihood of success on the merits; (2) whether movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting the stay would serve the public interest.  *Id*.  This Court reviews the bankruptcy court's denial of a stay for abuse of discretion.  *Id.*  This Court must accept a bankruptcy judge's findings of fact unless clearly erroneous.  *Id*. At 711.

## DISCUSSION

On October 16, 2014, the Bankruptcy Court heard oral argument on Appellant's Motion to Stay Judgment Pending Appeal.  Applying the four-prong test set forth in *In re First South Savings Association*, the Bankruptcy Court analyzed in detail each of the four factors.  While acknowledging the irreparable injury to Appellant if denied the stay, the Bankruptcy Court found the harm caused to other parties by granting the stay was far more detrimental.  The Bankruptcy Court further found Appellant failed to show a likelihood of success on the merits, and that granting the stay would not serve the interest of the public.  In light of these factors, the Bankruptcy Court, exercising its discretion, denied Appellant's motion.

The Bankruptcy Court correctly applied the requisite four-part test and, after weighing the factors, declined to grant Appellant's request for a stay.  Having reviewed the hearing transcript in its entirety, this Court finds nothing clearly erroneous in the Bankruptcy Court's analysis.  Accordingly, this Court finds that the Bankruptcy Court did not abuse its discretion in denying

Appellant a stay of judgment pending appeal.

In light of the foregoing, Appellant Gold Star Construction, Inc.'s Motion to Stay Judgment Pending Appeal (Clerk's Dkt. #3) is hereby DENIED.

**SIGNED** on February 13, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE